## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| Hue Van Tran | : |
| 7237 Hilltop Road | : |
| Upper Darby, PA 19082 | : |
| | : |
| And | : |
| | : |
| Trangkieu Thi Nguyen | :        #_____ |
| 7237 Hilltop Road | : |
| Upper Darby, PA 19082 | : |
| And | : |
| | : |
| Kieu Nga Thi Nguyen | :     Jury Trial Demanded |
| 126 West Avenue | : |
| Upper Darby, PA 19082 | : |
| | : |
| Plaintiffs | : |
| | : |
| vs. | : |
| | : |
| David Stant | : |
| 408 A. Church Road | : |
| P.O. Box 159 | : |
| Sudlersville, MD 21668 | : |
| | : |
| And | : |
| | : |
| Harbor Sales Company, Inc. | : |
| 1000 Harbor Court | : |
| Sudlersville, MD 21668 | : |
| | : |
| Defendants | : |

_____

## **COMPLAINT**

## **PARTIES**

1.     Plaintiff, Hue Van Tran, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Plaintiff, Trangkieu Thi Nguyen, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.      Plaintiff, Kieu Nga Thi Nguyen, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4.      Upon information and belief, Defendant, David Stant, is a resident of the State of Maryland, residing at the address listed in the caption of this Complaint.

5.      Defendant, Harbor Sales Company, Inc. ("Harbor"), is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, and regularly conducts business in Philadelphia, with a business address listed in the caption of this Complaint.

6.      At all time relevant hereto, defendant, David Stant, was an agent, servant and/or employee of defendant, Harbor, acting within the scope of his agency.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiffs are citizens of Pennsylvania and the Defendants, upon information and belief are citizens of Maryland and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

8.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

9.      On May 16, 2012, at approximately 3:00 a.m., plaintiff, Hue Van Tran, was the operator of a motor vehicle, with plaintiffs Trangkieu Thi Nguyen and Kieu Nga Thi Nguyen as passengers, which was traveling on Interstate 95, at or near mile marker 6.1, in Media, PA.

10.     At or about the same date and time, defendant, David Stant, was the operator of a motor vehicle, owned by defendant, Harbor Sales Company, Inc., which was traveling on

Interstate 95, behind plaintiff's vehicle, at or near the aforesaid location of the plaintiff's vehicle.

11.    At or about the same date and time, defendant's vehicle was involved in a motor vehicle collision with plaintiff's vehicle.

12.    At all times relevant hereto, defendant, David Stant, was operating the aforesaid defendant Harbor's vehicle as defendant Harbor's agent, servant and/or employee, acting within the scope of his agency.

13.    The aforesaid motor vehicle collision was the result of defendant negligently, recklessly, and/or carelessly operating his vehicle so as to rear-end plaintiff's vehicle.

14.    As a result of the aforesaid motor vehicle collision, the plaintiffs suffered serious, severe and permanent bodily injuries as set forth more fully below.

**<u>COUNT I</u>**
**Hue Van Tran v. David Stant**
**(Personal Injury)**

15.    Plaintiff, Hue Van Tran, incorporates herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth here at length.

16.    The motor vehicle collision was the direct result of the negligence, carelessness and/or recklessness of the defendant, David Stant, in operating his motor vehicle, and not the result of any action or failure to act by the plaintiffs.

17.    The negligence, carelessness, and/or recklessness of the defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiffs, consisted of, but are not limited to, the following:

   a.    Rear-ending the plaintiffs' vehicle';

   b.    Striking the plaintiffs' vehicle;

c.   Failing to maintain proper distance between vehicles;

d.   Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

e.   Failing to have said vehicle under proper and adequate control;

f.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.   Violation of the assured clear distance rule;

h.   Failure to keep a proper lookout;

i.   Failure to apply brakes earlier to stop the vehicle without striking Plaintiffs' vehicle;

j.   Being inattentive to her duties as an operator of a motor vehicle;

k.   Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a high rate of speed which was high and dangerous for conditions;

m.   Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.   Failing to exercise ordinary care to avoid a collision;

q.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiffs, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.   Continuing to operate the vehicle in a direction towards the vehicle in front of his vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

u.   Being otherwise reckless, careless and/or negligent under the circumstances.

18.   As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

19.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20.   As an additional result of the carelessness, negligence and/or recklessness of defendant, Plaintiffs has suffered emotional injuries, along with the physical injuries suffered.

21.   As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

22.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Hue Van Tran, demands judgment in their favor and against defendant, David Stant, in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
**Trangkieu Thi Nguyen v. David Stant**
**(Personal Injury)**

23.     Plaintiff, Trangkieu Thi Nguyen, incorporates herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth here at length.

24.     The motor vehicle collision was the direct result of the negligence, carelessness and/or recklessness of the defendant, David Stant, in operating his motor vehicle, and not the result of any action or failure to act by the plaintiffs.

25.     The negligence, carelessness, and/or recklessness of the defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiffs, consisted of, but are not limited to, the following:

     a.  Rear-ending the plaintiffs' vehicle;

     b.  Striking the plaintiffs' vehicle;

     c.  Failing to maintain proper distance between vehicles;

     d.  Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking Plaintiffs' vehicle;

j.  Being inattentive to her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiffs, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.   Continuing to operate the vehicle in a direction towards the vehicle in front of his

vehicle when he saw, or in the exercise of reasonable diligence, should have

seen, that further operation in that direction would result in a collision;

t.   Failing to operate said vehicle in compliance with the applicable laws and

ordinances of the Commonwealth of Pennsylvania pertaining to the operation

and control of motor vehicles;

u.   Being otherwise reckless, careless and/or negligent under the circumstances.

26.     As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

27.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28.     As an additional result of the carelessness, negligence and/or recklessness of defendant, Plaintiffs has suffered emotional injuries, along with the physical injuries suffered.

29.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

30.     Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Trangkieu Thi Nguyen, demand judgment in their favor and against defendant, David Stant, in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Kieu Nga Thi Nguyen v. David Stant**
**(Personal Injury)**

31.     Plaintiff, Kieu Nga Thi Nguyen, incorporates herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth here at length.

32.     The motor vehicle collision was the direct result of the negligence, carelessness and/or recklessness of the defendant, David Stant, in operating his motor vehicle, and not the result of any action or failure to act by the plaintiffs.

33.     The negligence, carelessness, and/or recklessness of the defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiffs, consisted of, but are not limited to, the following:

  a.   Rear-ending the plaintiffs' vehicle;

  b.   Striking the plaintiffs' vehicle;

  c.   Failing to maintain proper distance between vehicles;

  d.   Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

  e.   Failing to have said vehicle under proper and adequate control;

  f.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.   Violation of the assured clear distance rule;

h.   Failure to keep a proper lookout;

i.   Failure to apply brakes earlier to stop the vehicle without striking Plaintiffs' vehicle;

j.   Being inattentive to her duties as an operator of a motor vehicle;

k.   Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a high rate of speed which was high and dangerous for conditions;

m.   Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.   Failing to exercise ordinary care to avoid a collision;

q.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiffs, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.   Continuing to operate the vehicle in a direction towards the vehicle in front of his vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

u.   Being otherwise reckless, careless and/or negligent under the circumstances.

34.   As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

35.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

36.   As an additional result of the carelessness, negligence and/or recklessness of defendant, Plaintiffs has suffered emotional injuries, along with the physical injuries suffered.

37.   As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

38.   Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kieu Nga Thi Nguyen, demands judgment in their favor and against defendant, David Stant, in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Hue Van Tran v. Harbor Sales Company, Inc.
### RESPONDEAT SUPERIOR

39.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

40.     The negligence, recklessness and/or carelessness of the defendant, Harbor, itself and by and through its agent, servant and/or employee, defendant, David Stant, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.   Rear-ending plaintiff's vehicle;

    b.   Striking plaintiff's vehicle;

    c.   Operating his vehicle into plaintiff's lane of travel;

    d.   Failing to maintain proper distance between vehicles;

    e.   Operating said vehicle in a negligent and/or careless manner without regard
         for the rights or safety of Plaintiffs or others;

    f.   Failing to have said vehicle under proper and adequate control;

    g.   Operating said vehicle at a dangerous and excessive rate of speed under the
         circumstances;

    h.   Violation of the assured clear distance rule;

    i.   Failure to keep a proper lookout;

j.   Failure to apply brakes earlier to stop the vehicle without striking the plaintiff's vehicle;

k.   Being inattentive to his duties as an operator of a motor vehicle;

l.   Disregarding traffic lanes, patterns, and other devices;

m.   Driving at a high rate of speed which was high and dangerous for conditions;

n.   Failing to remain continually alert while operating said vehicle;

o.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.   Failing to exercise ordinary care to avoid a collision;

r.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.   Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

t.   Continuing to operate the vehicle in a direction towards the plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

41.     As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

42.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

43.     As an additional result of the carelessness, recklessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

44.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

45.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Hue Van Tran, prays for judgment in plaintiff's favor and against defendant, Harbor Sales Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

<u>**COUNT V**</u>
**Hue Van Tran v. Harbor Sales Company, Inc.**
**Negligent Entrustment**

46.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

47.     The negligence and/or carelessness of the defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Permitting defendant, David Stant to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.  Permitting defendant, David Stant to operate the motor vehicle when Defendant, Harbor, knew, or in the exercise of due care and diligence, should have known that defendant, David Stant, was capable of committing the acts of negligence set forth above;

    c.  Failing to warn those persons, including the Plaintiff, that Defendant, Harbor, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to defendant, David Stant's negligent operation of the motor vehicle; and

48.     As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

49.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

50.     As an additional result of the carelessness, recklessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

51.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

52.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

   WHEREFORE, Plaintiff, Hue Van Tran, prays for judgment in plaintiff's favor and against defendant, Harbor Sales Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

### COUNT VI
### Trangkieu Thi Nguyen v. Harbor Sales Company, Inc.
### RESPONDEAT SUPERIOR

53.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

54.     The negligence, recklessness and/or carelessness of the defendant, Harbor, itself and by and through its agent, servant and/or employee, defendant, David Stant, acting at all

times relevant hereto within the scope of his agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.   Rear-ending plaintiff's vehicle;

    b.   Striking plaintiff's vehicle;

    c.   Operating his vehicle into plaintiff's lane of travel;

    d.   Failing to maintain proper distance between vehicles;

    e.   Operating said vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiffs or others;

    f.   Failing to have said vehicle under proper and adequate control;

    g.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    h.   Violation of the assured clear distance rule;

    i.   Failure to keep a proper lookout;

    j.   Failure to apply brakes earlier to stop the vehicle without striking the plaintiff's vehicle;

    k.   Being inattentive to his duties as an operator of a motor vehicle;

    l.   Disregarding traffic lanes, patterns, and other devices;

    m.   Driving at a high rate of speed which was high and dangerous for conditions;

    n.   Failing to remain continually alert while operating said vehicle;

    o.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

t.  Continuing to operate the vehicle in a direction towards the plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

55.    As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

56.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

57.     As an additional result of the carelessness, recklessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

58.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

59.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

   WHEREFORE, Plaintiff, Trangkieu Thi Nguyen, prays for judgment in plaintiff's favor and against defendant, Harbor Sales Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

### COUNT VII
**Trangkieu Thi Nguyen v. Harbor Sales Company, Inc.**
**Negligent Entrustment**

60.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

61.     The negligence and/or carelessness of the defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a.   Permitting defendant, David Stant to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

     b.   Permitting defendant, David Stant to operate the motor vehicle when Defendant, Harbor, knew, or in the exercise of due care and diligence, should have known that defendant, David Stant, was capable of committing the acts of negligence set forth above;

     c.   Failing to warn those persons, including the Plaintiff, that Defendant, Harbor, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to defendant, David Stant's negligent operation of the motor vehicle; and

62.    As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

63.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

64.    As an additional result of the carelessness, recklessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

65.    As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

66.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an

amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Trangkieu Thi Nguyen, prays for judgment in plaintiff's favor and against defendant, Harbor Sales Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

**COUNT VIII**
**Kieu Nga Thi Nguyen v. Harbor Sales Company, Inc.**
**RESPONDEAT SUPERIOR**

67.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

68.     The negligence, recklessness and/or carelessness of the defendant, Harbor, itself and by and through its agent, servant and/or employee, defendant, David Stant, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.   Rear-ending plaintiff's vehicle;

    b.   Striking plaintiff's vehicle;

    c.   Operating his vehicle into plaintiff's lane of travel;

    d.   Failing to maintain proper distance between vehicles;

    e.   Operating said vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiffs or others;

    f.   Failing to have said vehicle under proper and adequate control;

g.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h.  Violation of the assured clear distance rule;

i.  Failure to keep a proper lookout;

j.  Failure to apply brakes earlier to stop the vehicle without striking the plaintiff's vehicle;

k.  Being inattentive to his duties as an operator of a motor vehicle;

l.  Disregarding traffic lanes, patterns, and other devices;

m.  Driving at a high rate of speed which was high and dangerous for conditions;

n.  Failing to remain continually alert while operating said vehicle;

o.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

t.  Continuing to operate the vehicle in a direction towards the plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

69.  As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

70.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

71.  As an additional result of the carelessness, recklessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

72.  As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

73.  Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kieu Nga Thi Nguyen, prays for judgment in plaintiff's favor and against defendant, Harbor Sales Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

**COUNT IX**
**Kieu Nga Thi Nguyen v. Harbor Sales Company, Inc.**
**Negligent Entrustment**

74.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

75.     The negligence and/or carelessness of the defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

  a.  Permitting defendant, David Stant to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

  b.  Permitting defendant, David Stant to operate the motor vehicle when Defendant, Harbor, knew, or in the exercise of due care and diligence, should have known that defendant, David Stant, was capable of committing the acts of negligence set forth above;

  c.  Failing to warn those persons, including the Plaintiff, that Defendant, Harbor, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to defendant, David Stant's negligent operation of the motor vehicle; and

76.     As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent

personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

77.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

78.    As an additional result of the carelessness, recklessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

79.    As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

80.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kieu Nga Thi Nguyen, prays for judgment in plaintiff's favor and against defendant, Harbor Sales Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____mis3364_____
                Marc I. Simon, Esquire
                Matthew Zamites, Esquire
                Joshua A. Rosen, Esquire
                SIMON & SIMON, P.C.
                *Attorneys for Plaintiffs*